UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN LONG,

    Plaintiff,

vs.

STANISLAUS COUNTY, et al.,

    Defendants

Case No. 1:13 cv 01256 GSA PC

ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.**    <u>**Screening Requirement**</u>

Plaintiff is a Stanislaus Count Jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to magistrate judge jurisdiction on August 21, 2013 (ECF No. 4).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

This action proceeds on the September 3, 2013, first amended complaint.  Plaintiff, an inmate in the custody of the Stanislaus County Sheriff at the Stanislaus County Jail, brings this civil rights action against the following:  the United States, Stanislaus County, Stanislaus County Superior Court, Stanislaus County Public Safety Center.  Plaintiff's statement of claim consists of a rambling narrative with  references to Bible verses.  Plaintiff does not identify any individual defendants.

### A. First Amendment

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)(per curiam)(citations omitted); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008).  In order to implicate the Free Exercise Clause, the prisoner's belief must be both sincerely held and rooted in religious belief.  Shakur, 514 F.3d at 885.

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth generalized allegations regarding his religious belief and fails to identify any individual defendants.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in

2

the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not specifically identified any defendant and charged them with conduct indicating that they infringed on his right to the free exercise of his religious belief. The complaint should therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.    Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 21, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

4